UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILDEBRAND,<br><br>  Petitioner,<br><br>  v.<br><br>TRISHA CAMPBELL,<br><br>  Respondent. | Case No. 23-cv-01303 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner, a state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging constitutional violations in connection with his 2006 plea agreement. Dkt. No. 11. Petitioner has paid the filing fee. *Id.* For the reasons discussed below, the petition is dismissed for failure to exhaust state judicial remedies.

## BACKGROUND

According to the petition, Petitioner pleaded guilty to the charge of lewd and lascivious act on a child by force (Cal. Penal Code § 288(b)(1)). Dkt. No. 11 at 2. On December 8, 2006, Petitioner was sentenced to 36 years in state prison. *Id.*

Petitioner filed an appeal challenging the amount of the fine that was imposed. *Id.* at 12. Petitioner did not seek review in the California Supreme Court. *Id.*

Petitioner filed the instant federal habeas petition on May 26, 2023.  Dkt. No. 11.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

### B. Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement, including challenges to administrative decisions denying parole, are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)-(c).

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981).  Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See id.*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Petitioner raises several claims challenging the legality of the sentence imposed.

2

Specifically, Petitioner claims that the sentencing court imposed an illegal sentence, *id.* at 3, that he entered into the plea bargain "not knowing it was illegal and unauthorized," *id.*, that he was not fully informed of the circumstances surrounding his sentence, *id.* at 6, the plea agreement should be invalidated, *id.* at 8, the public defender's rendered ineffective assistance, *id.* at 9, and that there is no time bar to challenging an illegal sentence, *id.* at 11. The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.*; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004); *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). To the extent that the claims challenge the voluntary and intelligent nature of Petitioner's plea and the nature of counsel's advice, they are cognizable. However, Petitioner cannot proceed with this action if he failed to exhaust state judicial remedies for these claims before filing this action.

According to the petition, Petitioner appealed his conviction to the state appellate court, but he did not seek review in the California Supreme Court. Dkt. No. 11 at 12. Furthermore, the only claim he raised to the state appellate court was a challenge to a fine. *Id.* Therefore, it does not appear from the petition that Petitioner exhausted his state judicial remedies by presenting all the claims raised herein to the California Supreme Court before filing this action.

Petitioner shall be granted leave to file an amended petition showing that he exhausted his state judicial remedies with respect to every claim raised in this action. If he has not, an amended petition containing only unexhausted claims will be dismissed for

3

failure to exhaust state judicial remedies.  *See Rose*, 455 U.S. at 510; *Guizar*, 843 F.2d at 372.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED with leave to file an amended petition using the court's form petition.  The amended petition must include the caption and civil case number used in this order, No. C 23-cv-01303 BF (PR), and must include the words AMENDED PETITION on the first page.  The amended petition shall be filed **no later than twenty-eight (28) days** from the date this order is filed.  If Petitioner has not exhausted state judicial remedies with respect to all the claims raised therein, the petition must be dismissed for failure to exhaust.

The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

**IT IS SO ORDERED.**

Dated:  __August 24, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\HC.23\01303Hildebrand_dwlta