UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HILDEBRAND,<br><br>             Petitioner,<br><br>   v.<br><br>TRISHA CAMPBELL,<br><br>             Respondent. | Case No. 23-cv-01303 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging constitutional violations in connection with his 2006 plea agreement. Dkt. No. 11. The Court dismissed the complaint with leave to amend regarding the exhaustion of state judicial remedies. Dkt. No. 16. In response, Petitioner has filed two letters which indicate that he did not exhaust the claims in the instant petition before filing the petition.

## BACKGROUND

According to the petition, Petitioner pleaded guilty to the charge of lewd and lascivious act on a child by force (Cal. Penal Code § 288(b)(1)). Dkt. No. 11 at 2. On December 8, 2006, Petitioner was sentenced to 36 years in state prison. *Id.*

Petitioner filed an appeal challenging the amount of the fine that was imposed. *Id.* at 12. Petitioner did not seek review in the California Supreme Court. *Id.*

On March 21, 2023, Petitioner filed a letter alleging that he was "under an illegal sentence," which was construed as an attempt to file a habeas action. Dkt. No. 1 at 1. The Clerk sent Petitioner a notice advising that he must use the court form to file a proper habeas petition. Dkt. No. 2. With an extension of time, Petitioner eventually filed a federal habeas petition on the court form on May 26, 2023. Dkt. No. 11.

## DISCUSSION

**A.    Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement, including challenges to administrative decisions denying parole, are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)-(c).

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Duckworth v. Serrano*, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See id.*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

In the petition, Petitioner raised several claims challenging the legality of the sentence imposed in connection with his plea agreement. Dkt. No. 11. However, the

2

petition indicated that Petitioner did not seek review of his claims in the California Supreme Court, and the only claim he raised to the state appellate court was a challenge to a fine. *Id.* at 12.  Therefore, it does not appear from the petition that Petitioner exhausted his state judicial remedies by presenting all the claims raised herein to the California Supreme Court before filing this action.  Petitioner was granted leave to file an amended petition showing that he exhausted his state judicial remedies with respect to every claim raised in this action. Dkt. No. 16.

Petitioner filed a letter indicating that he mailed a petition on April 12, 2023, addressed to the Superior Court of Santa Clara County. Dkt. No. 17 at 2.  He states that he was "attempting to go through the process of exhausting all state remedies; superior, appellate, and state supreme courts." *Id.*  He also attaches a copy of the first page of the state habeas petition filed in superior court on April 18, 2023. *Id.* at 4.  In another letter, Petitioner provides another copy of a state habeas petition filed on September 12, 2023. Dkt. No. 18 at 2.  He states that he wants to "ensure" that the Court knows he is following the "legal protocols and exhausting state remedies." *Id.* at 1.

Petitioner has clearly not exhausted all state judicial remedies.  Accordingly, this matter must be dismissed without prejudice to refiling as a new action once Petitioner has completed exhaustion of his claims in the state courts.  Petitioner is advised that he need not keep the Court updated on his progress nor file more papers in this matter.  Once the California Supreme Court has issued a final decision on all his claims, Petitioner may then file a new federal habeas petition that includes all his exhausted claims.  Petitioner should not refer to this action or case number when he files the new action.

///

///

# CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies.  *See Rose*, 455 U.S. at 510.  The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies, *i.e.*, the state supreme court issues a decision denying relief.

**IT IS SO ORDERED.**

Dated:  __October 3, 2023_____              /s/ Beth Labson Freeman

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\HC.23\01303Hildebrand_dism(exh)

4